UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DIXON,

    Petitioner,

v.

MIKE BROWN,

    Respondent.
_____/

Case No. 20-cv-11412

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Anthony Dixon, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus in this District pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, Petitioner seeks to be released from prison on a 30-to-60-year sentence that he is serving for the crime of assault with intent to commit murder and a 5-year sentence for felony firearm possession.[1] He petitions for release based on the Coronavirus pandemic and his fear that he might contract the disease, despite efforts undertaken by the Michigan Department of Corrections to prevent the spread of Coronavirus in the

---

[1] The Court obtained some of the information concerning the Petitioner's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

1

prisons. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ[] or order to show cause shall be directed to the person having custody of the person detained").

Petitioner does not challenge his conviction in this petition but rather the conditions of his confinement, namely, the risk that Petitioner might contract Coronavirus while incarcerated. Petitioner seeks immediate release from custody, alleging that none of the precautions taken by the Michigan Department of Corrections to protect the prisoners from contracting the disease are sufficient to prevent the spread of the disease.

When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (citing to *Rumsfeld,* 542 U.S. at 435).

For the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. Petitioner does not directly challenge his conviction but instead challenges the conditions of his confinement related to the risks associated with the Coronavirus. A habeas petition filed in the federal court in the district of a habeas petitioner's confinement is the proper means of testing the conditions of the petitioner's confinement. *See Coates v. Smith*, 746 F.2d 393, 395 (7th Cir. 1984); *See also Barrera v. Decker*, No. 20-CV-2755 (VEC), 2020 WL 1686641, at *1 (S.D.N.Y. Apr. 7, 2020) (finding that the district court in the Southern District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

Therefore, "[g]iven the significant liberty interests at stake, the time-sensitivity of Petitioner's claims, and the risks to Petitioner's health posed by the

rapid spread of COVID-19," the Court will "direct[] the Clerk to effectuate the transfer as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at * 1.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

                                              s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 7, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager